1  John M. Farrell (CA No. 99649, jfarrell@fr.com)
2  John V. Picone III (CA No. 187226, picone@fr.com)
   FISH & RICHARDSON P.C.
3  500 Arguello Street, Suite 500
   Redwood City, California 94063
4  Telephone: (650) 839-5070
   Facsimile: (650) 839-5071
5
6  Kurt L. Glitzenstein (*pro hac vice*, glitzenstein@fr.com)
   FISH & RICHARDSON P.C.
7  225 Franklin Street
   Boston, Massachusetts 02110
8  Telephone: (617) 542-5070
   Facsimile: (617) 542-8906
9
10 Attorneys for Defendant/Counterclaim Plaintiff
   IPG PHOTONICS CORPORATION
11

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE DIVISION)

| | |
|---|---|
| SPECTRA-PHYSICS, INC., | Civil Action No. C 06-03953-JF (RS) |
| Plaintiff/Counterclaim Defendant, | **DEFENDANT IPG PHOTONICS CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| v. | |
| IPG PHOTONICS CORPORATION, | |
| Defendant/Counterclaim Plaintiff. | |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant IPG Photonics Corporation ("IPG"), by its attorneys Fish & Richardson P.C., hereby responds to the Complaint For Patent Infringement ("Complaint") of Plaintiff Spectra-Physics, Inc., on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows.

IPG denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, hyperbole, or

1  speculations that may arguably follow from the admitted facts. IPG denies that Spectra-Physics is
2  entitled to the relief requested or any other.

### PARTIES

3
4      1.    IPG is without information or knowledge sufficient to form a belief as to the truth
5  or falsity of the allegations of this paragraph, and therefore denies the same.
6      2.    IPG admits that it is a Delaware corporation with its principal place of business at
7  50 Old Webster Road, Oxford, Massachusetts 01540. IPG further admits that it describes itself to
8  the public as the world's top provider of fiber lasers and high power fiber amplifiers.

### JURISDICTION AND VENUE

10      3.    IPG admits that this action is brought pursuant to the patent laws of the United
11  States, but denies that there has been any infringement and that Spectra-Physics is entitled to the
12  relief sought in its Complaint, or any other
13      4.    Admitted.
14      5.    IPG admits that it maintained an office in this judicial District for periods of time
15  including at least 2001, 2002, and 2003, and that it has offered and sold its accused and other
16  products in this judicial District. IPG denies all remaining allegations of this paragraph.
17      6.    IPG admits that Valentin P. Gapontsev, the Chairman of the Board and Chief
18  Executive Officer of IPG, presented a paper and slide show in San Jose, California, on January 23,
19  2006. IPG further admits that this presentation was part of Photonics West, an event sponsored by
20  the International Society for Optical Engineering. IPG further admits that the presentation also
21  included information concerning many of the products now accused of infringement.

### ALLEGATIONS REGARDING FACTUAL BACKGROUND

23      7.    Admitted.
24      8.    IPG denies that there are any inventions claimed in the '529 patent. IPG is without
25  information or knowledge sufficient to form a belief as to the truth or falsity of the remaining
26  allegations of this paragraph, and therefore denies the same.

9. Denied. IPG has not committed any acts of direct or indirect infringement of the '529 patent in this judicial District or elsewhere.

10. IPG admits that it had consolidated global sales, including for fiber lasers and amplifiers, of approximately $22.2 million in 2002, $33.7 million in 2003, and $60.7 million in 2004, and more than $95 million in 2005, that the total of these four annual consolidated global revenue figures is $211.6 million, and that the average annual rate of increase in consolidated global sales over this period was approximately 60%. IPG denies all remaining allegations of this paragraph.

11. Denied. IPG has not committed any acts of direct or indirect infringement of the '529 patent, through the listed products or otherwise.

12. IPG admits that Valentin P. Gapontsev gave a presentation at Photonics West in San Jose, California, in January 2006. IPG further admits that the paper on which Dr. Gapontsev was listed as a co-author was included in the proceedings published by the International Society for Optical Engineering. IPG further admits that the paper discusses an "industry-grade multi-kilohertz all-fiber format 10-mJ energy Yb-doped laser." IPG further admits that the paper states, "10-m long gain fiber with core diameter of 8 µm was employed to produce single-mode microjoule seed pulses." IPG denies the remaining allegations and disputes the legal claim construction assertions in this paragraph.

13. IPG admits that it believes that it is familiar with the standards expected of component and subsystem vendors. IPG admits that it believes that its customers depend on its lasers and amplifiers to operate without failure in mission-critical and safety-critical applications. IPG admits that its confidence that its lasers and amplifiers will meet these expectations is based on the empirical comfort that comes with rigorous testing and quality control standards. IPG admits that certain components are tested or burned-in for hundreds of hours, and that it strives to use the best components that have passed its quality control standards. IPG denies all remaining allegations of this paragraph.

1  14. IPG admits that testing of its products is an important part of its business of selling lasers and amplifiers. IPG admits that it sells some of its products on a semi-custom basis. IPG admits that it conducts qualification testing and burn-in testing. IPG admits that it conducts characterization testing for semi-custom products, the details of which vary from product-to-product based upon customer requirements. IPG denies that the development of each laser product generally requires lifetime testing, but admits that a limited number of products are subjected to lifetime testing. IPG is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph regarding the details of all standard practice in the laser industry and therefore denies the same.

15. IPG admits that it conducts characterization testing for semi-custom products, the details of which vary from product-to-product based upon customer requirements.

16. Denied. IPG has not committed any acts of direct or indirect infringement of the '529 patent, including of claim 14.

17. Denied.

18. Denied.

19. Denied. IPG has not committed any acts of direct or indirect infringement of the '529 patent, and so has not caused and will not in the future cause any damage to Spectra-Physics.

20. IPG is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore denies the same.

21. Denied. IPG has not committed any acts of direct or indirect infringement of the '529 patent, and so has caused and will in the future cause no harm to Spectra-Physics, let alone irreparable harm.

## AFFIRMATIVE DEFENSES

Defendant IPG, as its Affirmative Defenses to the Complaint of Spectra-Physics, states as follows:

### First Affirmative Defense

22. IPG does not infringe and has not infringed any claim of the '529 patent.

**Second Affirmative Defense**

23. The claims in the '529 patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and 112.

**Third Affirmative Defense**

24. The '529 patent is unenforceable against IPG, including pursuant to the doctrines of laches, equitable estoppel, patent misuse, and inequitable conduct.

25. With regard to inequitable conduct, Spectra-Physics, including through any predecessors-in-interest in the '529 patent, all inventors, attorneys, and/or agents and/or others owing a duty of candor to the United States Patent & Trademark Office ("USPTO"), all of whom and which will be collectively referred to as "Spectra-Physics," on information and belief committed acts constituting inequitable conduct during the prosecution of the patent application that issued as the '529 patent ("the '529 patent application"), rendering the '529 patent unenforceable. These acts of inequitable conduct include failing to fully and properly make the USPTO aware of highly material information known to Spectra-Physics, making material misrepresentations to the USPTO, and applying for and obtaining patent claims that were unpatentable because they were, on the basis of Spectra-Physics' allegations in the Complaint, invalid over the prior art. On information and belief, these acts and omissions were done deliberately, knowingly, and with the intent to deceive the USPTO into allowing claims of the '529 patent. The facts and circumstances surrounding these acts of inequitable conduct include at least the following:

    a. United States Patent No. 3,808,549 to Robert D. Maurer is prior art to the '529 patent.

    b. Mr. Maurer applied for his patent in 1972, and was awarded his patent in 1974, all long prior to the June 15, 1987, filing date of the '529 patent. On information and belief, he assigned his patent to Corning Glass Works, of Corning, NY.

c. Spectra-Physics identified Mr. Maurer's patent in the Background section of the '529 patent.

d. The '529 patent concedes the very high level of materiality of Mr. Maurer's patent.

e. Mr. Maurer's patent is the only prior art reference identified in the Background section of the '529 patent.

f. On information and belief, Mr. Maurer's patent was the most material prior art reference known to Spectra-Physics prior to filing the '529 patent application.

g. On information and belief, Mr. Maurer's patent was the most material prior art reference known to Spectra-Physics prior to the issuance of the '529 patent.

h. Despite its high degree of materiality, Spectra-Physics failed to comply with well-established USPTO rules regarding the citation of Mr. Maurer's patent to the USPTO.

i. In fact, the Examiner of the '549 patent application on information and belief did not even consider Mr. Maurer's patent.

j. On information and belief, the Examiner of the '549 patent application on information and belief did not even consider Mr. Maurer's patent because Spectra-Physics Physics failed to fully and properly comply with well-established USPTO rules regarding the citation of prior art references.

k. Spectra-Physics' failure to properly bring Mr. Maurer's patent to the attention of the Examiner, thereby depriving the Examiner of the opportunity to give full consideration to the reference, was further exacerbated by numerous serious misrepresentations and mischaracterizations regarding Mr. Maurer's patent.

l. Spectra-Physics states in the '529 patent that "Maurer … does not use a single mode fiber." (1:67-2:1.)  This is false.  (*See, e.g.*, Maurer patent at 2:56-58.)

m. Spectra-Physics further states in the '529 patent that "Maurer shows a fiber optic coherent light generator, but does not use a coherent pumping source."

(1:67-2:1.) The representation that Maurer is distinguishable from the '529 patent claims on this basis is wholly inconsistent with Spectra-Physics' infringement allegations in this case.

n. Spectra-Physics further states in the '529 patent that "Maurer … does not form a complete laser." (1:67-2:2.) The representation that Maurer is distinguishable from the '529 patent claims on this basis is also wholly inconsistent with Spectra-Physics' infringement allegations in this case, which include allegations that the '529 patent claims do indeed cover IPG products that "do[] not form a complete laser."

o. During prosecution, in an effort to persuade the Examiner of the '529 patent application to allow the claims, Spectra-Physics represented that "Applicant was dealing with the problem of using diode arrays and the newer extended emitter diodes which could not be easily coupled into a single mode core. Nothing in the prior art suggested forming a pump cavity around the single mode core with a multimode fiber to couple these particular sources to the core." (Amendment dated June 1, 1988, at 4.)

p. Spectra-Physics' statement that the prior art, including Mr. Maurer's patent, did not even suggest such an arrangement is false, and on information and belief this false statement further led the Examiner not to appreciate the high materiality of Mr. Maurer's patent when deciding to allow the claims of the '529 patent.

## COUNTERCLAIMS

Defendant IPG Photonics Corporation ("IPG") asserts the following counterclaims against Plaintiff Scientific-Atlanta ("Spectra-Physics"):

## Parties

26. Counterclaim Plaintiff IPG is a Delaware corporation with its principal place of business at 50 Old Webster Road, Oxford, Massachusetts 01540.

27. On information and belief in view of the allegations in its Complaint, Counterclaim Defendant Spectra-Physics is a Delaware corporation with its principal place of business in Mountain View, California.

## Jurisdiction

28. These counterclaims arise under the patent laws of the United States as enacted under Title 35 of the United States Code, and the provisions of the Federal Declaratory Judgment Act. The jurisdiction of this Court is proper under 35 U.S.C. § 271 et seq. and 28 U.S.C. §§ 1331, 1338 and 2201-02.

## Venue

29. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## Count I: Declaratory Relief Regarding Non-Infringement

30. The allegations of paragraphs 26-29 above are incorporated herein by reference.

31. IPG does not infringe and has not infringed any claim of the '529 patent, either directly or indirectly, whether by inducement, contributory infringement, or otherwise.

32. In its Complaint, Spectra-Physics alleges that IPG has infringed, and continues to infringe, claims of the '529 patent. Because IPG denies that it has infringed, or continues to infringe, any claim of the '529 patent, an actual and justiciable controversy has arisen and now exists between IPG and Spectra-Physics as to whether IPG infringes any of the claims of the '529 patent.

33. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., IPG requests the declaration of the Court that IPG does not infringe any claim of the '529 patent.

## Count II: Declaratory Relief Regarding Invalidity

34. The allegations of paragraphs 26-29 are incorporated herein by reference.

35. The claims of the '529 patent are invalid because they fail to satisfy the conditions of patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and 112.

36. Given Spectra-Physics' filing of this lawsuit, it apparently contends that the claims of the '529 patent are valid. Because IPG contends that the claims of the '529 patent are invalid, an actual and justiciable controversy has arisen and now exists between IPG and Spectra-Physics as to the validity of the '529 patent.

37. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., IPG requests the declaration of the Court that the patent-in-suit is invalid.

### Count III: Declaratory Relief Regarding Unenforceability

38. The allegations of paragraphs 26-29 are incorporated herein by reference.

39. The '529 patent issued on May 9, 1989. Spectra-Physics has unreasonably delayed in filing suit against IPG, and by its actions and inactions have sanctioned, approved, and implicitly licensed IPG and its products under the '529 patent. Spectra-Physics is barred from enforcing the '529 patent against IPG under the doctrines of laches and equitable estoppel.

40. Spectra-Physics has committed acts of patent misuse in connection with the '529 patent, and is barred from enforcing the '529 patent against IPG because of the patent misuse.

41. Spectra-Physics committed acts constituting inequitable conduct during the prosecution of the '529 patent application, rendering the '529 patent unenforceable. The allegations of paragraph 25 are incorporated herein by reference.

42. An actual and justiciable controversy therefore has arisen and now exists between IPG and Spectra-Physics as to the enforceability of the '529 patent against IPG.

43. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., IPG requests the declaration of the Court that the patent-in-suit is unenforceable against IPG.

### Prayer for Relief

IPG respectfully requests a judgment against Spectra-Physics as follows:

A. A declaration that IPG does not infringe and has not infringed the '529 patent;

B. A declaration that the '529 patent is invalid;

C. A declaration that the '529 patent is unenforceable against IPG;

D. That Spectra-Physics take nothing by its Complaint;

E. That the Court enter judgment against Spectra-Physics and in favor of IPG and that Spectra-Physics' complaint be dismissed with prejudice;

F. That the Court enter judgment that this case is an exceptional case under 35 U.S.C. § 285, and enter judgment awarding IPG its costs and reasonable attorneys' fees; and

G. That the Court grant IPG whatever further relief the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, IPG hereby demands a trial by jury of all issues.

Dated: August 9, 2006             FISH & RICHARDSON P.C.


By: /s/  John M. Farrell
John M. Farrell (CA No. 99649)
jfarrell@fr.com
John V. Picone III (CA No. 187226)
picone@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone:  (650) 839-5070
Facsimile:   (650) 839-5071

Kurt L. Glitzenstein (*pro hac vice*)
glitzenstein@fr.com
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, Massachusetts 02110
Telephone:  (617) 542-5070
Facsimile:   (617) 542-8906

Attorneys for Defendant/Counterclaim Plaintiff
IPG PHOTONICS CORPORATION

21394567.doc